## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTIONE WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS |
| Village of Riverdale, and Riverdale Police | ) | |
| Officer, T. Jordan, Star No. 156, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of

1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C.

Sections 1343 and 1331 and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts

complained of arose in this district.

### PARTIES

3.      At all times herein mentioned, Plaintiff Antione Watts ("Watts") was and is a citizen

of the United States, and was within the jurisdiction of this court.

4.      At all times herein mentioned, Defendant Riverdale Police Officer T. Jordan, Star

No. 156, ("Jordan") was employed by the Riverdale Police Department, and was acting under

color of state law and as the employee, agent, or representative of the Riverdale Police

Department.  This Defendant is being sued in his individual capacity.

5.      At all times herein mentioned, the Village of Riverdale was a political division of

the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times,

1

the Village of Riverdale maintained, managed, and/or operated the Riverdale Police Department.

At all relevant times the Village of Riverdale was the employer of Defendant Jordan.

**FACTUAL ALLEGATIONS**

6.      On or about July 29, 2017, Plaintiff was located in a public area near 13600 South

Wallace in the Village of Riverdale, Illinois.

7.      At that place and date Jordan physically abused Plaintiff by repeatedly striking him

in multiple locations on his body.

8.      There was no legal cause for Jordan to use any force against Plaintiff.

9.      There was no legal cause for Jordan to strike Plaintiff.

10.     Jordan repeatedly struck Plaintiff after it was clear that Plaintiff was not offering any

resistance and even after one of his fellow officers told him to stop striking Plaintiff.

11.     After physically abusing Plaintiff Jordan arrested Plaintiff.

12.     There was not probable cause for Jordan to arrest Plaintiff for any crime.

13.     Plaintiff had not committed any crimes.

14.      Jordan did not witness Plaintiff commit any crimes.

15.      No witness reported to Jordan that they observed Jordan engage in any criminal

activity.

16.     After Jordan's arrest he was charged with two criminal offenses – Obstructing a

Peace Officer and Resisting a Peace Officer.  These charges were based upon misdemeanor

complaints prepared and/or signed by Jordan.

17.     As a result of Jordan's false allegations contained in criminal complaints and police

reports Plaintiff was criminally prosecuted.

18.     On August 9, 2018, all charges against Plaintiff were dismissed by the Cook County State's Attorney's Office.

19.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, physical injuries, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

20.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Defendant Jordan for
### EXCESSIVE FORCE

22.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

23.     By reason of Jordan's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

3

24.     The arbitrary use of force by Jordan against Plaintiff's person was in violation of

Plaintiff's Constitutional Rights and not authorized by law. These acts were in violation of

Plaintiff's Fourth and/or Fourteenth Amendment rights.  Therefore, Jordan in his individual

capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff Against Defendant Jordan For**
**UNLAWFUL SEIZURE**

25.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one

(21) hereat as though fully set forth at this place.

26.     By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and

immunities secured to them by the Fourth and/or Fourteenth Amendments of the Constitution of

the United States and laws enacted thereunder.

27.     Defendant's custodial arrest of Plaintiff was in violation of Plaintiff's

Constitutional Rights and not authorized by law.  Defendant did not have probable cause to arrest

Plaintiff.  This act was in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights.

Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiff Against Defendants Jordan and the Village of Riverdale for**
**MALICIOUS PROSECUTION**

28.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one

(21) hereat as though fully alleged at this place

29.     Defendant Jordan, a police officer employed by the Village of Riverdale,

maliciously commenced and caused to be continued multiple criminal charges against Plaintiff.

30.     Defendant Jordan initiated, facilitated, and/or continued this malicious

prosecution by giving false police reports, and/or preparing and/or signing false criminal

4

complaints, and falsely reporting events to Assistant Cook County States Attorneys for the purpose of causing the initiation or continuation of the criminal prosecution of Plaintiff.

31.     The criminal proceedings against Plaintiff terminated in his favor when the Cook County State's Attorney's Office dismissed all charges against Plaintiff on August 9, 2018.

32.     As a result of being prosecuted for these crimes Plaintiff was injured emotionally, financially, and otherwise.

33.     The Village of Riverdale is liable to Plaintiff for the acts of Jordan related to his efforts to have Plaintiff criminally prosecuted, pursuant to the doctrine of *respondeat superior*.

33.     Therefore, Jordan and the Village of Riverdale are liable under the supplemental state law claim of Malicious Prosecution.


WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD. requests judgment as follows against the Defendants, and each of them:

1.     That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.     That the Defendants be required to pay Plaintiff's special damages;

3.     That the Defendants be required to pay Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That the Defendants other than the Village of Riverdale be required to pay punitive and exemplary damages in a sum to be ascertained;

5.     That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.     That Plaintiff have such other and further relief as this Court may deem just and proper.

6

BY:     s/Garrett Browne

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:     s/Garrett Browne

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com